UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ALBERT DUNN, ET AL.** : **DOCKET NO. 2:22-cv-00980**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE INSURANCE CO.** : **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion to Compel discovery responses [doc. 12] filed by Allstate Insurance Company. Plaintiffs oppose the motion. Doc. 16. The reply [doc. 17] and sur-reply [doc. 19] have been filed, making this motion ripe for resolution. For the reasons set forth below, the court finds the motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I.
### BACKGROUND

Plaintiffs filed suit against defendant Allstate Insurance Company, bringing state-law claims based on damages from Hurricanes Laura and Delta. Doc. 1. Defendant served interrogatories and requests for production upon plaintiffs on February 13, 2024. Doc. 12, att. 4. Having received no responses, defense counsel contacted plaintiffs' counsel on March 20, 2024, to note the responses were overdue, provide an extra week for the production, and set a telephone conference. Doc. 12, att. 5. No responses were produced, so the parties held a Rule 37 conference on March 28, 2024, during which they agreed plaintiffs would provide their discovery responses by April 3, 2024. Doc. 12, att. 6.

The discovery responses had not been produced by April 19, 2024, so defendant filed the instant motion seeking an order from this court compelling plaintiffs to respond to defendant's discovery requests. Doc. 12. Defendant also requests all reasonable attorney's fees and costs incurred in filing this motion. Doc. 12, att. 1, p. 3. Additionally, defendant asks the court to order plaintiffs to provide available dates for a deposition of plaintiff Albert Dunn. *Id. See* doc. 17, p. 5 (specifying Albert Dunn is the plaintiff whose deposition defendant wishes to schedule).

In response to the motion, plaintiffs informed the court they submitted their responses to defendant on May 2, 2024. Doc. 16. Thus, plaintiffs concluded, the motion "should be satisfied." *Id.* Defendant's reply acknowledged responses were produced but insisted responses to Interrogatory numbers 6, 7, and 18, as well as the productions in response to Request for Production numbers 6 and 10, were evasive or incomplete. Doc. 17, pp. 1–5. Defendant also informed the court plaintiff Albert Dunn's deposition had been noticed for June 11, 2024. *Id.* at p. 5. However, for the first time on reply, defendant asked the court to compel Albert Dunn to attend the June 11 deposition. *Id.* Defendant also reasserted its request for attorney's fees and costs and provided the court with an explanation of the amount of fees sought. *Id.* at pp. 6–7.

As the allegations about the sufficiency of the discovery responses were raised for the first time on reply, the court ordered plaintiffs to file a sur-reply. Doc. 18. Plaintiffs timely filed their sur-reply. Doc. 19. The sur-reply did not address any of defendant's arguments from its original motion or those raised on reply. *Id.* Instead, the sur-reply argued defendant had to conduct a Rule 37 conference before filing its reply, and that its failure to do so should lead the court to dismiss the motion or should affect any sanctions award. *Id.*

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The party resisting discovery has the burden of proving the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

### A. Rule 37 Conference

Before filing a motion to compel, the movant must, in good faith, confer or attempt to confer with the person or party failing to make the disclosure or produce the discovery in an effort to obtain the information without court action. Fed. R. Civ. P. 37(a)(1). When filing a motion to compel, the movant must include a certification affirming that it conferred with opposing counsel to amicably resolve the issues and stating why the parties were unable to agree or stating that opposing counsel refused to confer after reasonable notice. LR37.1. Through this certification, the movant "must convey to the court sufficient facts to enable it to determine the 'adequacy and sincerity of the good faith conferment between the parties.'" *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

Defendant included a LR37.1 Certification in its Motion to Compel. Doc. 12, att. 2. This certification, as well as the facts alleged in the motion [doc. 12] and the memorandum in support [doc. 12, att. 1], clearly indicate the parties held a Rule 37 conference, during which they agreed to extend additional time for plaintiffs to respond to the discovery requests. Despite this being their second extension of time, plaintiffs still did not respond to the discovery. Only after plaintiffs failed to comply with the deadline set at the Rule 37 conference did defendant file the instant motion. Furthermore, defendant waited over two weeks after the agreed upon deadline passed before filing this motion, giving plaintiffs ample time to explain their non-compliance. Thus, the court is satisfied defendant made a good-faith effort to resolve the issue before seeking the court's intervention. Accordingly, Rule 37's good-faith conferral requirement was satisfied.

The court notes the requirement that a Rule 37 conference be held applies to the filing of a motion; no analogous requirement exists for the filing of a reply. To the extent plaintiffs claim defendant should have been required to file a new motion to compel instead of raising the issues with the discovery responses on reply, the court rejects this argument. The court sees no reason to require defendant, who has attempted to follow the rules for discovery, to undertake the expense of drafting and filing another motion because to do so would be to penalize defendant for plaintiffs' failure to comply with the Federal Rules of Civil Procedure. Furthermore, the court allowed plaintiffs to file a sur-reply to address the new issues raised, but plaintiffs instead chose to focus their efforts otherwise.

Plaintiffs argue defendant had to hold another Rule 37 conference before filing its reply because the reply "for the first time alleged deficiencies in the Plaintiffs' responses." Doc. 19, p. 3. However, the only reason defendant did not address the deficiencies in plaintiffs' responses in

the original motion was because plaintiffs waited until two weeks after the motion was filed to produce those responses.

Plaintiffs insist nothing prevented defendant "from properly conducting a proper Rule 37(a) conference prior to filing" the reply. *Id.* at p. 4. However, plaintiffs produced the discovery responses seven days before the reply deadline, meaning defendant had only seven days to assess the responses and determine what deficiencies, if any, were present. It would be unreasonable to expect defendant to do all of this and hold a last-minute Rule 37 conference all before the reply deadline passed. The court, thus, will not accept this argument, especially considering plaintiffs put defendant in this position by waiting so long to produce the discovery responses.

### *B. Plaintiffs' Discovery Responses*

Plaintiffs did not respond to the merits of the motion or the reply. They therefore did not contradict defendant's assertion that the responses to Interrogatory numbers 6, 7, and 18 and to Request for Production numbers 6 and 10 were incomplete and evasive. Accordingly, plaintiffs have not met their burden to show how each discovery request seeks irrelevant information or is otherwise objectionable. *See Clark v. Schlumberger Tech. Corp.*, No. 18-CV-93, 2019 WL 13253890, at *2 (W.D. Tex. Oct. 30, 2019) (citing *Quarles*, 894 F.2d at 1485)). The court thus grants the motion on the merits.[1]

### *C. Attorney's Fees and Costs*

If a court grants a Rule 37 motion to compel, or if the discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent

---

[1] The court will not grant any relief regarding plaintiff Albert Dunn's deposition. The motion asks the court to order plaintiffs to provide available dates for the deposition, but the parties now acknowledge they agreed to set the deposition for June 11, 2024. Doc. 17, p. 5; doc. 19, p. 3. Thus, this request is moot. For the first time on reply, defendant asks the court to compel Albert Dunn to attend the June 11 deposition. The date for the deposition has passed, and the court has no reason to believe plaintiff Albert Dunn missed the deposition. Thus, this request is moot.

whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

As discussed in II.A above, defendant attempted in good faith to obtain the discovery responses without court intervention.  Plaintiffs have not attempted to justify waiting until after the motion was filed to produce the discovery responses or providing evasive and incomplete responses to Interrogatory numbers 6, 7, and 18 and to Request for Production numbers 6 and 10.  Additionally, there are no other circumstances the court is aware of that would make an award of expenses unjust.  Therefore, the court does not see any reason not to grant defendant's request for attorney's fees and costs, so the request is granted.

"A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).  There is a strong presumption that an award calculated through the lodestar method is the reasonable fee. *Id.*  To calculate the lodestar, the court needs to know the amount of time worked and hourly rates charged. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The court must also determine whether the time worked and hourly rates are reasonable. *Id.*

Defendant claims its attorneys spent approximately 14 hours on matters related to this motion, including "attempting to schedule a deposition since February, reviewing documents produced in response to the Motion to Compel, reconciling the documents produced previously by

Plaintiffs to attempt to find an answer, as well as drafting the corresponding motions and memoranda." Doc. 17, p. 7. Plaintiffs do not contest this assertion or the reasonableness of claiming 14 hours' worth of work. The court finds it reasonable for defendant to have spent 14 hours doing work related to the Motion to Compel [doc. 12].

Defense counsel claims an average fee of $200 per hour. Again, plaintiffs do not contest the reasonableness of this hourly rate. An hourly rate of $200 per hour is reasonable. *See Billy Navarre Chevrolet Inc. v. Gotham Ins. Co.*, No. 2:22-CV-02749, 2023 WL 6036357, at *2 (W.D. La. July 20, 2023) (finding rates of $375 per hour for a partner and $250 per hour for an associate reasonable); *Bertram v. Progressive Southern Ins. Co.*, No. 19-01478, 2021 WL 433976, at *5 (W.D. La. Feb. 8, 2021) (finding $350 per hour to be a reasonable and appropriate rate). Accordingly, the court finds an award of $2,800.00 (14 hours at $200 per hour) should be awarded to defendant as attorney's fees and costs.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel [doc. 12] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** insofar as it seeks to compel the production of discovery responses and to recover attorney's fees. The motion is **DENIED** as **MOOT** as to the deposition of plaintiff Albert Dunn.

**IT IS FURTHER ORDERED** that plaintiffs Albert Dunn and Charlene Dunn provide full and complete responses to defendant's Interrogatory numbers 6, 7, and 18 [doc. 12, att. 4, pp. 4, 6]. These responses are due by July 31, 2024.

**IT IS FURTHER ORDERED** that plaintiffs Albert Dunn and Charlene Dunn provide full and complete responses to defendant's Request for Production numbers 6 and 10 [doc. 12, att. 4, pp. 7–8].  These responses are due by July 31, 2024.

**IT IS FURTHER ORDERED** that an award of $2,800.00 in reasonable expenses, including attorney's fees, is awarded against plaintiffs Albert Dunn and Charlene Dunn pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that the requests about the deposition of plaintiff Albert Dunn are **DENIED** as **MOOT**.

THUS DONE AND SIGNED in Chambers this 15th day of July, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE